**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS E. CREECH, | No. 24-275 |
| *Petitioner-Appellant*, | D.C. No. 1:23-cv-00463-AKB |
| v. | |
| TIM RICHARDSON, Warden, | OPINION |
| *Respondent-Appellee*. | |

Appeal from the United States District Court
for the District of Idaho
Brailsford, District Judge, Presiding

Argued and Submitted February 22, 2024
San Francisco, California

Filed February 23, 2024

Before: William A. Fletcher, Jay S. Bybee, and Morgan B. Christen, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Habeas Corpus/Death Penalty

The panel affirmed the district court's judgment dismissing Idaho death row inmate Thomas Eugene Creech's 28 U.S.C. § 2254 habeas corpus petition as barred by 28 U.S.C. § 2244(b), which mandates dismissal of most claims filed in "second or successive" federal habeas petitions.

Creech's execution is scheduled for February 28, 2024.

The panel held that *Allen v. Ornoski*, 435 F.3d 946 (9th Cir. 2006), makes clear that Creech's current petition, his third, is precluded as second or successive.

Creech's current petition raised an Eighth Amendment claim that society's evolving standards of decency since *Ring v. Arizona*, 536 U.S. 584 (2002), have rendered unconstitutional a death sentence imposed by a judge rather than a jury. *Ring* held that the Sixth Amendment prohibits judicial factfinding of facts necessary to the imposition of the death penalty; such facts must instead be found by a jury. *Ring* does not apply retroactively to sentences, like Creech's, that were final on direct review before *Ring* was decided. Creech argued that, in light of a national movement away from executions of judge-sentenced prisoners since *Ring*, the Eighth Amendment independently requires that a death sentence be imposed by a jury.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Applying *Allen*, the panel disagreed with Creech's argument that his evolving standards of decency claim became ripe only after a moratorium on all executions in Arizona was put in place in January 2023; the panel wrote that Creech did not show that his claim was unripe in the years immediately following *Ring*. The panel therefore concluded that Creech could have brought a ripe Eighth Amendment claim during the pendency of his previous petition in the district court.

## COUNSEL

Jonah Horwitz (argued), Assistant Federal Public Defender, Capital Habeas Unit, Federal Public Defenders of Idaho, Boise, Idaho, for Petitioner-Appellant.

L. LaMont Anderson (argued), Deputy Attorney General, Idaho Office of the Attorney General, Boise, Idaho, for Respondent-Appellee.

# OPINION

PER CURIAM:

Petitioner-Appellant Thomas Eugene Creech, a death row inmate in Idaho, appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. His execution is currently scheduled for February 28, 2024, less than a week from now.

In 1981, while serving two life sentences for first-degree murder, Creech killed a fellow prisoner and was sentenced to death. The circumstances of the killing and Creech's previous post-conviction proceedings are discussed in our opinion in *Creech v. Richardson*, 59 F.4th 372 (9th Cir. 2023).

Creech filed two habeas petitions in federal court before filing the current petition. His first petition led to the vacatur of his sentence and a resentencing hearing in 1995. *See id.* at 378–79. At that hearing, the sentencing judge again imposed a death sentence, acting without a jury as authorized by then-applicable Idaho law. *See id.* at 379–80. Creech challenged his renewed death sentence in a second federal habeas petition. Litigation of that petition ended in the district court in 2017. We affirmed the district court's denial of habeas in 2023. *Id.* at 394.

Creech filed the current petition in October 2023, shortly after his death warrant was issued and his execution date was set. His petition raises an Eighth Amendment claim that society's evolving standards of decency since *Ring v. Arizona*, 536 U.S. 584 (2002), have rendered unconstitutional a death sentence imposed by a judge rather than a jury. *Ring* held that the Sixth Amendment prohibits

judicial factfinding of facts necessary to the imposition of the death penalty; such facts must instead be found by a jury. *See id.* at 609. The Sixth Amendment rule of *Ring* does not apply retroactively to sentences, like Creech's, that were final on direct review before *Ring* was decided. *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004). Creech argues that the Eighth Amendment independently requires that a death sentence be imposed by a jury.

The district court dismissed Creech's petition. The court concluded that the petition was barred by 28 U.S.C. § 2244(b), which mandates dismissal of most claims filed in "second or successive" federal habeas petitions.

We affirm. A later-filed petition is precluded as second or successive under 28 U.S.C. § 2254 if the claim it raises was ripe and could have been brought in the prisoner's prior petition challenging the same judgment. *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007). Our holding in *Allen v. Ornoski*, 435 F.3d 946 (9th Cir. 2006), makes clear that Creech's current petition is precluded as second or successive.

In *Allen*, we considered a so-called *Lackey* claim brought in a prisoner's second federal habeas petition—a claim that "suffering the ravages of death row for a lengthy duration violate[s] the Eighth Amendment." *Id.* at 956 (citing *Lackey v. Texas,* 514 U.S. 1045 (1995) (Stevens, J., respecting denial of certiorari)). Petitioner Allen argued "that his execution would violate the Eighth Amendment because of the inordinate length of time, twenty-three years, he has spent on death row and the 'horrific' conditions of his confinement." *Id.* at 950.

We concluded in *Allen* that the petition was precluded as second or successive. We distinguished Allen's claim from

the claim brought in *Ford v. Wainwright*, 477 U.S. 399 (1986). The Supreme Court held in *Ford* that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane." *Id.* at 409–10. We wrote in *Allen* that, unlike a *Ford* claim, "a *Lackey* claim does not become ripe only after a certain number of years or as the final hour of the execution nears. There is no fluctuation or rapid change at the heart of a *Lackey* claim, but rather just the steady and predictable passage of time." *Allen*, 435 F.3d at 958.

Much the same is true of Creech's current Eighth Amendment claim. The proposed factual predicate for Creech's claim is a national movement away from executions of judge-sentenced prisoners since *Ring*, evidencing, in Creech's view, an evolving standard of decency.

Creech argues that his evolving standards of decency claim became ripe only after a moratorium on all executions in Arizona was put in place in January 2023. We disagree.

Even when *Ring* was decided in 2002, only a small minority of jurisdictions authorized judge-imposed death sentences. *See Ring*, 536 U.S. at 608 n.6; *see also Walton v. Arizona*, 497 U.S. 639, 710–11 (1990) (Stevens, J., dissenting), *overruled by Ring v. Arizona*, 536 U.S. 584 (2002); *Woodson v. North Carolina*, 428 U.S. 280, 291–92 (1976) (plurality opinion). It was clear, once *Ring* was decided, that the number of executions of judge-sentenced capital defendants would decrease in the years to follow as those defendants were executed, were granted clemency, or died of natural causes, or as their States imposed broader restrictions on executions generally.

Even though some judge-sentenced capital defendants are on death row in Arizona, Creech does not claim that Arizona's moratorium was motivated by standards-of-decency concerns about the execution of those judge-sentenced defendants. In support of his argument that the reason for Arizona's moratorium is irrelevant, Creech cites *Hall v. Florida*, 572 U.S. 701 (2014), in which the Supreme Court mentioned states that had entirely abolished or suspended their use of the death penalty as part of its discussion of the evidence indicating society's "rejection of the strict 70 [IQ] cutoff" for claims of incapacity to be executed under *Atkins v. Virginia*, 536 U.S. 304 (2002). *Hall*, 572 U.S. at 716–18. Creech also points to *Roper v. Simmons*, 543 U.S. 551 (2005), in which the Court said, "a State's decision to bar the death penalty altogether of necessity demonstrates a judgment that the death penalty is inappropriate for all offenders, including juveniles." *Id.* at 574.

Creech is correct that the Court has, at times, considered categorical death-penalty bans in assessing evolving standards of decency with respect to particular categories of death sentences. But even assuming the correctness of Creech's interpretation of the Supreme Court's caselaw, his argument rests entirely on the claim that Arizona's moratorium is evidence of evolving standards of decency with respect to judge-imposed death sentences. Even on that assumption, he has not shown that his claim was unripe in the years immediately following *Ring*, when judge-sentenced executions were practiced in only a small minority of jurisdictions, and when the Supreme Court in *Ring* had rejected judicial factfinding that exposes a capital defendant to death. Moreover, even assuming that categorical execution moratoria can provide a basis for Creech's Eighth

Amendment claim, several such bans had been imposed in the years before Creech's habeas proceedings ended in the district court.  *See, e.g.*, *Hall*, 572 U.S. at 716 (noting Oregon's 2011 moratorium); *Cooper v. Newsom*, 13 F.4th 857, 861–62 (9th Cir. 2021) (discussing, *inter alia*, a moratorium on California executions imposed in 2006); *Commonwealth v. Williams*, 129 A.3d 1199, 1202 (Pa. 2015) (discussing Pennsylvania's 2015 moratorium).

    We therefore conclude that Creech could have brought a ripe Eighth Amendment claim during the pendency of his previous petition in district court.  Once Creech's claim became ripe, the passage of time and later events were irrelevant to the ripeness determination.  *See Allen*, 435 F.3d at 958 ("[T]hat the passage of time makes [Allen's] *Lackey* claim stronger is irrelevant to ripeness, because the passage of time strengthens any *Lackey* claim.").

    The judgment of the district court is AFFIRMED.  We DISMISS as moot Creech's motion to stay his execution while this appeal is pending.